(No. 14121.—Reversed and remanded.)

THE REPUBLIC IRON AND STEEL COMPANY, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (MAUDE MOORE, Plaintiff in Error.)

*Opinion filed February 22, 1922—Rehearing denied April 5, 1922.*

1. WORKMEN'S COMPENSATION—*when statement of injured employee is admissible as declaration against interest.* In a proceeding for compensation for the death of an employee, a statement made by him to a witness relating to his injury, and which is a self-serving declaration, is not admissible when offered by the claimant but is admissible when offered by the employer as a declaration against interest.

2. SAME—*when violation of employer's order does not bar compensation.* Although an employee is injured while violating a rule or order of the employer, his right to compensation is not barred if in violating such rule or order he does not put himself out of the course of his employment but is only guilty of negligence in performing his duties.

3. SAME—*what violation of direction does not put an employee out of sphere of employment.* The fact that an employee who is

3C2—26

directed to ride in a street car to a railroad station and mail a letter for his employer does not take the street car but walks on the railroad track from his place of employment to the station does not bar compensation for his death from an injury received when struck by a train near the station.

WRIT OF ERROR to the Circuit Court of Rock Island county; the Hon. F. D. RAMSAY, Judge, presiding.

G. C. WENGER, and W. C. ALLEN, for plaintiff in error.

KENWORTHY, DIETZ, SHALLBERG, HARPER & SINNETT, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Charles E. Moore prior to his death had been an employee of defendant in error, the Republic Iron and Steel Company, at Moline, for twenty years, and during the last five years of his life was storekeeper and had charge of the stores. He worked seven days a week and was paid for Sunday work. A part of his work was to go to Moline to do chores, to get bolts, nuts and like things, and he was often sent to trains with mail. The last day he worked, Sunday, January 23, 1916, he left his home at six o'clock for his place of work. On that morning he checked up his store books and swept and mopped the floors. At about 11 :20 o'clock A. M., J. E. N. Olson, chief clerk of defendant in error, gave Moore a letter written for the company, with directions to him to take it to the Rock Island station, in Moline, and mail it on the train going east at 1 :20 o'clock P. M. The record does not disclose the time that Moore left the plant to mail the letter and the record leaves it uncertain as to what route he took to reach the station. Olson testified that he handed him a letter and told him to take the street car for the train. He also testified that Moore afterwards told him at the hospital that he did not take the car but walked the entire way from the plant down to the station on the railroad track. No one else seems to

have heard this conversation. An employee of the steel company testified that Olson handed Moore the letter to take to the train and handed him a dime for street car fare, but did not hear Moore make any reply and did not hear Olson give him any directions when he gave him the dime. Gust Garke, a twelve-year-old boy, testified that he was at the depot, heard the train, ran to the door, saw a man get off a Third avenue street car and run up to hand the baggageman a letter, saw the letter in his hand, and that the man was struck by a train going east. He stated particularly that he saw this man get off the rear end of the street car, on the west side of Thirteenth street, and that he saw him picked up and put into an ambulance. He did not know Moore but heard some people saying, "Mr. Moore got hurt," and found out that the man injured was Moore. He was corroborated by his sister, Gertrude, who testified that she remembered the accident, saw them pick up the injured man and put him in an ambulance, and saw her brother, Gust, standing next to the injured man. The evidence further shows that the depot is situated on the east side of Thirteenth street, which runs north and south, and that Twelfth street is west of and parallel with Thirteenth street. The plant is about fourteen blocks from the railroad station, and the station may be reached from the plant by walking down the railroad right of way or by walking from the plant two blocks south on Second street to Third avenue, at which point a Third avenue car passes about every fifteen minutes going east to Thirteenth street which it crosses a block north of the depot. Moore was picked up on the railroad right of way about midway between Twelfth and Thirteenth streets and west of the depot, and the testimony shows that the right of way at this point between Twelfth and Thirteenth streets is used by the public, and particularly by pedestrians, as a place for crossing the tracks, and it had been frequently so used for five or six years previous to this accident. Moore died of his injuries

February 1, 1916, leaving surviving him Maude Moore, his widow, and one daughter, Edith Moore.

Maude Moore, plaintiff in error, filed her petition for compensation, and on January 15, 1917, the arbitrator awarded her the sum of $7.56 per week for a period of 416 weeks under paragraph (*a*) of section 7 of the Compensation act, and the sum of $50 for first aid, medical, surgical and hospital services as provided by paragraph (*a*) of section 8, and that there was also due $385.56 of said compensation up to the time of the award, and that the remainder thereof should be paid in weekly payments, beginning with January 22, 1917. The arbitrator recited in his award that Olson gave the deceased a dime to be expended for car fare to the depot for the purpose of mailing the letter, but that deceased did not use the street car as a conveyance but walked on the right of way of the railroad to the station. On a petition for review by defendant in error the commission affirmed the award on September 27, 1917, and ordered it stand as the decision of the commission. It does not appear what findings the commission made as to the facts or how deceased traveled to the railroad station. The circuit court of Rock Island county in *certiorari* proceedings before it in June, 1918, quashed the record of the commission, set aside the award and certified that the cause was one proper to be reviewed by this court. A transcript of the record of the circuit court was filed in this court September 10, 1921, in answer to a writ of error.

It is stated in defendant in error's brief that there is no dispute about the main facts in this case and that the only question presented is one of law, and that question is whether or not the alleged accidental injury so received by Moore arose out of and in the course of his employment. Plaintiff in error further insists that the testimony of Olson as to what Moore told him in answer to his question as to how Moore reached the depot is incompetent because hearsay evidence, and the case of *Chicago Packing Co.* v. *Indus-*

*trial Board,* 282 Ill. 497, is relied on as sustaining her in this contention.

The statement made to Olson by the deceased was admissible on the part of defendant in error, as his statement was a declaration or an admission against his interests, and such declarations or admissions are an exception to the rule as to hearsay evidence when offered against him or his administrator, or one claiming under him, by the party sued. (*Schell* v. *Weaver,* 225 Ill. 159; *Chicago City Railway Co.* v. *Henry,* 218 id. 92.) The rule is otherwise, however, when such declarations are offered as evidence by the injured party who makes them or when offered by his administrator or one suing for injury or compensation for his death. In such a case the declarations are in the nature of self-serving declarations and come strictly under the hearsay rule. For that reason the declarations of the deceased in the case of *Chicago Packing Co.* v. *Industrial Board, supra,* were held incompetent. In this case this court is bound by the finding of the facts as found by the commission if there is any competent evidence in the record to sustain its finding. The commission may have found, so far as we are advised, that the deceased did take a street car in making his journey to the station, as the evidence of the two Garke witnesses tended to prove. Under such a finding it could not be questioned successfully that the injury arose out of and in the course of the employment.

If the finding of the commission was entirely in accord with the finding of the arbitrator that the deceased walked on the railroad track instead of taking the street car, and if its finding should have been that in walking on the railroad the deceased disobeyed his instructions, our decision of this case would not be changed. This court has many times decided that contributory negligence of a party injured is no bar to a recovery under the Compensation act. The most that may be said in favor of defendant in error's contention is, that the deceased was guilty of negligence in

not obeying the order or directions of Olson. The rule is, that where the violation of a rule or order of the employer takes the employee entirely out of the sphere of his employment and he is injured while violating such rule or order it cannot be then said that the accident arose out of the employment, and in such a case no compensation can be recovered. If, however, in violating such a rule or order the employee does not put himself out of the sphere of his employment, so that it may be said he is not acting in the course of it, he is only guilty of negligence in violating such rule or order and recovery is not thereby barred. (*Union Colliery Co.* v. *Industrial Com.* 298 Ill. 561.) As was said in the case just cited in quoting from the case of *Jackson* v. *Denton Colliery Co.* W. C. & Ins. Rep. 91, (7 B. W. C. C. 92,) it does not matter in the slightest degree how many orders the employee disobeys or how bad his conduct may have been if he was still acting in the sphere of his employment and in the course of it the accident arose out of it. The deceased was performing the errand that he was directed to perform, and this errand was a part of his employment or an incident of it. Had he used the street car in reaching the depot it is conceded by defendant in error that he would have been performing a duty that his employment required of him, and it is further conceded that in such a case the injury would have arisen out of his employment and in the course of it and that defendant in error would be liable for the compensation. If he walked on the railroad to the station he was at all times in the performance of his employment up until he was struck by the train, and the violation of his order never at any time took him out of the sphere of his employment. Plaintiff in error was therefore entitled to recover and the judgment of the circuit court must be reversed.

The judgment of the circuit court is reversed and the cause remanded to that court, with directions to quash the writ.

*Reversed and remanded, with directions.*