JOSEPH OVERCAST *et al.*, Plaintiffs-Appellants, v. JOSEPH BODART *et al.*, Defendants-Appellees.

Fourth District    No. 4—94—0021

Opinion filed September 2, 1994.

Nicholas M. Schiro, of Doyle & Tuggle, of Danville, for appellants.

Ken R. Torricelli and Rhonda Ferrero-Patten, both of Hinshaw & Culbertson, of Champaign, and William P. Hardy, of Hinshaw & Culbertson, of Springfield, for appellees.

JUSTICE GREEN delivered the opinion of the court:

On September 28, 1990, plaintiffs Joseph and Catherine Overcast, husband and wife, brought suit in the circuit court of Vermilion County against defendants Joseph and Clara Bodart, also husband

and wife. The complaint alleged the Bodarts hired Joseph Overcast to perform carpentry on their home and, in the process, negligently supplied Joseph Overcast with an unsafe ladder which was the proximate cause of Joseph Overcast's falling and receiving personal injuries for which he sought damages. Catherine sought damages for her loss of consortium. In April 1992, Joseph Bodart died and his special administrator, Clara Bodart, was substituted as defendant in that capacity while she also remained as a defendant in her personal capacity.

On August 18, 1993, after a jury trial, the circuit court entered judgment on a verdict for the defendants. Plaintiffs have appealed contending the circuit court erred in refusing to admit into evidence (1) defendants' *pro se* verified answer, and (2) portions of a discovery deposition taken of Joseph Bodart prior to his death. We need not pass upon the question of whether the refusal to admit the *pro se* answer was reversible error, because we conclude that the refusal to admit into evidence admissions made by Joseph Bodart in his discovery deposition, when offered by plaintiffs, was reversible error. As we will explain, that evidence was not barred, as maintained by defendants, either by the Dead-Man's Act (Act) (735 ILCS 5/8—201 (West 1992)) or by Supreme Court Rule 212(a) (134 Ill. 2d R. 212(a)).

█ The claimed negligence upon the part of the Bodarts was that the ladder furnished was not safe because it had no rubber plates on the feet of the ladder. In his discovery deposition, Joseph Bodart admitted that he did not tell Joseph Overcast that the ladder had no such plates and admitted that he told Joseph Overcast that the ladder was safe. Defendants do not contend that we should support the judgment for defendants because the evidence was not sufficient to support a verdict for the plaintiffs. The testimony of Joseph Overcast was confused as to whether Joseph Bodart had told him that the ladder was safe, because Overcast had once stated that Bodart had not made such a statement and then testified he had made such a statement. Thus, the evidence of admissions by Joseph Bodart was clearly essential to whatever strength the plaintiffs' case had.

The question of the admissibility of the deposition testimony of Joseph Bodart, when offered by plaintiffs, first came up during argument on defendants' motion for an *in limine* ruling on evidence plaintiffs were likely to present. Defendants maintained this testimony was inadmissible under the Act. At that time, the court indicated it felt that the deposition testimony was barred by the Act but told plaintiffs to make an offer of proof later. That offer of proof was eventually made. It included the testimony concerning Joseph Bodart's not telling Joseph Overcast of the lack of rubber plates on

the ladder and his telling Joseph Overcast that the ladder was safe. At the time of making the offer, plaintiffs' counsel did not set forth the reasons for the admissibility of the evidence.

■ We recognize that, as defendants maintain, ordinarily an offer of proof must set forth the reasons why the evidence should be admitted. (*Salcik v. Tassone* (1992), 236 Ill. App. 3d 548, 555, 603 N.E.2d 793, 798; *Chicago Park District v. Richardson* (1991), 220 Ill. App. 3d 696, 701, 581 N.E.2d 97, 100.) However, here, unlike in the above-cited cases, plaintiffs' counsel had repeatedly explained that the offered evidence constituted an admission by the decedent of significant aspects of the ladder, the objection of the Dead-Man's Act had been repeatedly raised and the court had indicated it agreed with the defense. We hold that under these circumstances the failure to again recite the purpose of the evidence was bad practice but not fatal to the offer of proof.

■ Thus, we come to the crucial issue of whether the excerpts from the discovery deposition of Joseph Bodart were barred by the Act. It begins with these words:

> "In the trial of any action in which any party sues or defends as the representative of a deceased person or person under a legal disability, no adverse party or person directly interested in the action shall be allowed to testify on his or her own behalf to any conversation with the deceased or person under legal disability or to any event which took place in the presence of the deceased or person under legal disability ***." (735 ILCS 5/8—201 (West 1992).)

Accordingly, the witness who is rendered incompetent to testify must be either another party to the case or one interested in the outcome and must be adverse to the party being protected by the Act. The theory of that legislation is that such a person is likely to lie. M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 606.1, at 348 (6th ed. 1994).

Here, the witness involved was apparently the decedent whose death gives rise to protection of his interest under the Act. Clearly, he was not adverse to the side of the case represented by his estate and protected under the Act. He would not be likely to lie to the detriment of his estate. Matters helpful to plaintiffs, which he admitted, would likely be true. No case has been called to our attention, and we know of no case, which has held that even the threshold of the protection of the Act is reached by the circumstances here.

■ The parties mention the decision of this court in *Morse v. Hardinger* (1976), 34 Ill. App. 3d 1020, 341 N.E.2d 172. There, as here, an original defendant, there a physician charged with medical malprac-

tice, died after his discovery deposition had been taken, and the plaintiff offered portions of the exhibit into evidence as admissions of a party opponent. There, the evidence was admitted without objection but, under the fairness provisions of Supreme Court Rule 212(c) (see 134 Ill. 2d R. 212(c)), the defense was permitted to introduce the balance of the deposition to explain the admissions made. This court held that so much irrelevant prejudicial information was placed before the jury by the defense in the guise of explaining the decedent's admissions that reversible error occurred. Although highly sophisticated counsel appeared on both sides, no contention was made that any admission in the discovery deposition of the deceased physician was protected by the Act.

Supreme Court Rule 212(a) states:

"Purposes for Which Discovery Depositions May be Used. Discovery depositions taken under the provisions of this rule may be used only:

(1) for the purpose of impeaching the testimony of the deponent as a witness in the same manner and to the same extent as any inconsistent statement made by a witness;

(2) as an admission made by a party or by an officer or agent of a party in the same manner and to the same extent as any other admission made by that person;

(3) if otherwise admissible as an exception to the hearsay rule; or

(4) for any purpose for which an affidavit may be used." (134 Ill. 2d R. 212(a).)

Supreme Court Rule 212(b)(1) provides for special treatment of evidence depositions of physicians and surgeons and then states that "[a]ll or any part of other evidence depositions may be used for any purpose for which a discovery deposition may be used, and may be used by any party for any purpose if the court finds that at the time of trial: (1) the deponent is dead." (134 Ill. 2d R. 212(b)(1).) Defendants maintain that, accordingly, because subsection (a) of the foregoing rule, which concerns discovery depositions, makes no provision for use of such deposition when the deponent is dead and subsection (b) provides for use of an evidentiary deposition under those circumstances, the discovery deposition of the decedent here or parts thereof could not be properly admitted as an admission of a party opponent.

Defendants find some support for their position in the decision of the Appellate Court for the Second District in *Abel v. General Motors Corp.* (1987), 155 Ill. App. 3d 208, 507 N.E.2d 1369. There, the plaintiff sued the manufacturer of an automobile she had purchased and two dealers who had performed work on that vehicle for injuries she

received when the vehicle functioned improperly. Some counts sounded in negligence and others in strict liability. Plaintiff died, and subsequently the circuit court granted defendants summary judgment on all counts except one negligence charge against a dealer. On appeal, the appellate court affirmed all summary judgments except as to one negligence count against a dealer. The opinion indicated that on future trial a discovery deposition given by the deceased former plaintiff could not be used against her as an admission of a party opponent because under Supreme Court Rule 212 "only an evidence deposition may be used in place of live testimony upon the death of a deponent." *Abel*, 155 Ill. App. 3d at 221, 507 N.E.2d at 1378.

■ To the extent *Abel* holds that when a party dies, admissions by that party in a discovery deposition cannot be later introduced into evidence in the case by an opposing party, the holding is wrong. Where, as here, a common law claim is at issue, an admission by an individual may be presented into evidence as an admission of a party opponent against the decedent's personal representative upon the death of the declarant. (See *Patten v. Knowe* (1933), 354 Ill. 156, 161, 188 N.E. 173, 175.) No logical reason exists to refuse admission of such a statement into evidence because it was contained in a discovery deposition. Supreme Court Rule 212(a)(2) expressly states that a discovery deposition may be used "as an admission made by a party *** in the same manner and to the same extent as any other admission made by that person." 134 Ill. 2d R. 212(a)(2).

The obvious scheme of Supreme Court Rule 212 in regard to the depositions of parties who die or become unavailable for trial is that the evidence deposition or relevant portions thereof may be introduced into evidence by the personal representative of the party declarant while discovery depositions or their relevant parts cannot be introduced by the declarant party.

■ While we have found no reversible error in the circuit court's exclusion of excerpts from Joseph Bodart's *pro se* answer to the complaint, any excerpts which do amount to relevant admissions should be admitted on retrial. The statement need not be contrary to the interest of the declarant when made. (M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 802.1, at 670 (6th ed. 1994).) The admission need not amount to a judicial admission.

For the reasons stated, we reverse and remand for a new trial.

Reversed and remanded.

COOK and STEIGMANN, JJ., concur.