JUDY A. FURNISS, Plaintiff-Appellant, v. JOHN D. RENNICK, JR., Ex'r of the Estate of John D. Rennick, Deceased, *et al.*, Defendants-Appellees.

Third District    No. 3—96—0458

Opinion filed January 28, 1997.

David B. Radley (argued), of Baymiller & Radley, of Peoria, for appellant.

Karen L. Kendall, William I. Covey, Craig L. Unrath (argued), and David R. Sinn, all of Heyl, Royster, Voelker & Allen, of Peoria, and Barry M. Barash, of Barash, Stoerzbach & Henson, of Galesburg, for appellees.

JUSTICE BRESLIN delivered the opinion of the court:

The question presented by this appeal is whether a deponent's estate may rely on Supreme Court Rule 212 (134 Ill. 2d R. 212) to bar the use of admissions made by the deponent in a discovery deposition taken before his death. For the reasons that follow, we hold that it cannot.

Judy Furniss filed a legal malpractice action against attorney John Rennick alleging that he breached a duty of professional care when drafting the wills of her father and stepmother, Paul and Edna Carroll. The action arose following Paul's death when Edna revoked her will that directed that the family residence and one-third of their combined estate was to pass to Judy. Edna's will at the time of her death excluded Judy and bequeathed the entire combined estate to her two daughters by a prior marriage.

Judy alleged that Paul and Edna told Rennick that, upon the death of the survivor, the family residence and one-third of their combined estate was to pass under their wills to her. Judy alleged that the failure to inform Paul that Edna could revoke her will if he died first was a breach of duty. Additionally, she alleged that drafting the wills in a manner that did not cause Edna to refrain from revoking the will was also a breach of duty. Ultimately, Judy asserted that Rennick's negligence resulted in her loss of the family home and her share of the estate.

Rennick died soon after his discovery deposition was taken. Consequently, in order to prove her allegations, Judy needed to use certain admissions made by Rennick in his deposition. She asserted that the relevant portions of the deposition would be admissible at trial. The executor disagreed and filed a motion for summary judgment. He argued that the admissions in the deposition were inadmissible at trial and, therefore, Judy had insufficient evidence to support her malpractice action. Relying on this court's opinion in *Riblet Products Corp. v. Starr National*, 242 Ill. App. 3d 988, 611 N.E.2d 68 (1993), the trial court ruled that any statements recorded in the discovery deposition were inadmissible evidence. Therefore, judg-

ment was awarded to defendant because Judy could not produce sufficient evidence to sustain her burden of proof. Judy appeals.

■ Resolution of this dispute depends on an interpretation of Supreme Court Rule 212 (134 Ill. 2d R. 212). The relevant parts of Rule 212 provide:

"(a) Purposes for Which Discovery Depositions May Be Used. Discovery depositions taken under the provisions of this rule may be used only:

\*\*\*

(2) as an admission made by a party or by an officer or agent of a party in the same manner and to the same extent as any other admission made by that person[.]

\* \* \*

(b) Use of Evidence Depositions. \*\*\* All or any part of other evidence depositions may be used for any purpose for which a discovery deposition may be used, and may be used by any party for any purpose if the court finds that at the time of the trial:

(1) the deponent is dead or unable to attend or testify because of age, sickness, infirmity, or imprisonment[.]" 134 Ill. 2d R. 212.

Interpreting supreme court rules involves the same principles that are applicable when interpreting statutes. *Arnett v. Young*, 269 Ill. App. 3d 858, 646 N.E.2d 1265 (1995). The primary rule of statutory interpretation is that the court should ascertain and give effect to the intent of the legislature. *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 634 N.E.2d 712 (1994). When ruling on a motion for summary judgment, the court may only consider evidence that is admissible at trial. *Fearon v. Mobil Joliet Refining Corp.*, 131 Ill. App. 3d 1, 475 N.E.2d 549 (1984).

In *Abel v. General Motors Corp.*, 155 Ill. App. 3d 208, 507 N.E.2d 1369 (1987), the court held that after a deponent's death, admissions in the deponent's discovery deposition could not be considered by the trial court when ruling on a motion for summary judgment. The court, citing Rule 212, reasoned that only evidentiary facts could be considered by the trial court when ruling on the motion, and the discovery deposition could not be considered because only evidence depositions could be used to provide testimony in court. *Abel*, 155 Ill. App. 3d at 221, 507 N.E.2d at 1378. This court followed the *Abel* decision in *Riblet Products Corp. v. Starr National*, 242 Ill. App. 3d 988, 611 N.E.2d 68 (1993).

However, the Fourth District Appellate Court specifically rejected *Abel* in *Overcast v. Bodart*, 266 Ill. App. 3d 428, 639 N.E.2d 984 (1994), and held that the admissions made in a discovery deposition could be submitted into evidence as admissions of a party opponent against

that individual's estate. *Overcast*, 266 Ill. App. 3d at 433, 639 N.E.2d at 987, citing *Patten v. Knowe*, 354 Ill. 156, 161, 188 N.E. 173, 175 (1933). The court found it illogical to refuse the entry of the admissions into evidence when Supreme Court Rule 212(a)(2) specifically provides that a discovery deposition may be used as an admission made by a party to the same extent as any other admission made by that individual. *Overcast*, 266 Ill. App. 3d at 433, 639 N.E.2d at 987. The court reasoned that the dichotomy between Rule 212(a) and Rule 212(b) was to allow evidence depositions to be introduced at trial by the personal representative of the party declarant, but prevent the representative from introducing the declarant's discovery deposition. *Overcast*, 266 Ill. App. 3d at 433, 639 N.E.2d at 987. Thus, the restriction is on the representative of the declarant, not upon the party opponent.

■ We agree with the reasoning in *Overcast*. Subsection (a)(2) of the rule clearly states that admissions in discovery depositions can be used in the same manner as any other admission made by that party. 134 Ill. 2d R. 212(a)(2). Additionally, we fail to see the rationale in allowing admissions in a decedent's books and papers to be used against his estate after his death (see *Patten*, 354 Ill. at 161, 188 N.E. at 175), but not admissions in a discovery deposition. A deposition is taken under oath and is recorded by a court reporter. Thereafter, the deponent may review the transcripts to ascertain their accuracy. In the present case, the deponent had that opportunity but waived it.

Furthermore, subsection (b) is silent as to the use of discovery depositions. It governs only the use of evidence depositions and does not state that discovery depositions may not be used at trial by a party opponent. In the present case, the alleged admissions were made by the decedent in a discovery deposition and, therefore, come within the scope of subsection (a) of the rule rather than subsection (b). Hence, as subsection (a) allows the introduction of admissions to the same extent as any other admissions made by that party, the plain meaning of Rule 212 permits the introduction of the admissions at trial.

Therefore, we hold that Supreme Court Rule 212 (134 Ill. 2d R. 212) permits the introduction of the deponent's admissions at trial. Any statements that the trial court concludes are relevant admissions are not precluded from evidence by Rule 212 and may be considered by the court when ruling on defendant's motion for summary judgment. Accordingly, we reverse the trial court's decision granting defendant summary judgment and remand. To the extent that *Riblet Products Corp. v. Starr National*, 242 Ill. App. 3d 988, 611 N.E.2d 68 (1993), is inconsistent with this opinion, it is overruled.

For the foregoing reasons, the judgment of the circuit court of Peoria County is reversed and remanded to the circuit court for further hearings consistent with this opinion.

Reversed and remanded.

LYTTON, P.J., and SLATER, J., concur.