(No. 91-CC-1452-■■■■■)

RICHARD DOWNS and MAURICE JACKSON, Claimants, *v.* THE UNIVERSITY OF ILLINOIS and KAREN A. MEYER, Administrator of the Estate of CLEO L. MEYER, JR., deceased, Respondents.

*Order filed October 2, 1997.*

GUY DELSON GELEERD, JR., for Claimant RICHARD DOWNS.

LAWRENCE BREZKY, for Claimant MAURICE JACKSON.

JAMES E. RYAN, Attorney General (ANNE E. LOEVY, Assistant Attorney General, of counsel), for Respondent.

## ORDER

JANN, J.

This cause comes on to be heard on Respondent's motion for summary judgment and Claimant Maurice Jackson's response thereto. Claimant Richard Downs filed no responsive pleading herein.

Claimants' complaints arise from an auto accident on November 27, 1989, in Chicago, Illinois. Claimants were injured by the alleged negligence of Respondent's agent, Cleo L. Meyer. Mr. Meyer died on October 23, 1994, subsequent to the filing of this lawsuit. Mr. Meyer's death was from causes unrelated to the auto accident which is the basis for these complaints.

Claimants allege, *inter alia*, that Meyer was negligent and that the Respondent State of Illinois is responsible for the acts of its agents, servants and/or employees acting within the scope of their employment. Claimants allege

that they were injured and sustained damages as a result of the negligence of the Respondents.

## I. Dead Man's Act

Respondent, University of Illinois, seeks to invoke the protection of the Dead Man's Act (735 ILCS 5/8—201) to bar the testimony of Claimants at trial as to conversations and events, i.e., the auto accident, in the presence of decedent, Meyer. Respondent, University of Illinois, alleges that application of the Dead Man's Act shall prevent Claimants from testifying to the events in question and Claimants would be unable to establish the elements of a cause of action for negligence.

Before considering the merits of the arguments submitted, we must address several procedural issues. First, Claimant Maurice Jackson responded to this motion. Claimant Richard Downs has not responded. The docket sheet entries indicate a motion for substitution of attorneys, assumedly for Mr. Downs, on December 7, 1992. The attorney shown of record is Guy Delson Geleerd, Jr. for Mr. Downs, not original counsel of record. Additionally, exhibits submitted by Mr. Jackson indicate that Mr. Downs was represented by yet another attorney in a circuit court suit on February 15, 1994. The Circuit Court of Cook County case (*Jackson v. Downs*, No. 91 L 19183) arose from the same incident before us. The deposition of Mr. Meyer in 91 L 19183 is at issue herein. Mr. Jackson was a passenger in the auto driven by Mr. Downs which collided with Mr. Meyer's vehicle. We note that the record before us does not include a report of the disposition of 91 L 19183 as required by section 790.70(c) of the Court of Claims Regulations. 74 Ill. Adm. Code 790.70(c).

The posture of the Claimants is discussed because there is reference to a second deposition by Mr. Meyer in

Exhibit B to Claimant Jackson's response. Given the demands upon Court resources, we wish to avoid duplication of effort where possible. The second deposition is not before us for consideration but we believe the ruling herein will address its potential admissibility by Mr. Downs. Additionally, Claimant Jackson moves for a voluntary nonsuit of decedent/agent, Cleo Meyer, to defeat application of the Dead Man's Act in the event the Court finds the deposition is inadmissible. References to "Claimant," henceforth shall apply to Mr. Jackson.

A defendant in a negligence suit is entitled to summary judgment if he can demonstrate that the plaintiff has failed to establish a factual basis for one of the required elements of a cause of action for negligence. (*Gresham v. Kirby* (1992), 229 Ill. App. 3d 952, 955, 172 Ill. Dec. 138, 595 N.E.2d 201.) Claimant argues that the rules of evidence and civil procedure will allow him to bring forth evidence which will prove all of the elements of negligence at trial. Claimant relies, in part, upon the deposition testimony of Mr. Meyer to prove his claim.

Respondent asserts that the Dead Man's Act prohibits Claimant from testifying as to events occurring in the presence of Meyer and thus prohibits introduction of Mr. Meyer's discovery deposition. The Dead Man's Act states:

"In the trial of any action in which any party sues or defends as the representative of a deceased person or person under legal disability, no adverse party or person directly interested in the action shall be allowed to testify on his or her own behalf to any conversation with the deceased or person under legal disability or to any event which took place in the presence of the deceased or person under legal disability." 735 ILCS 5/8-201.

While a literal reading of the Act might imply wide application of the exclusion of evidence, current case law suggests a greatly limited application and interpretation of the statute in conjunction with the admissibility of depositions.

We shall first address the issue of who qualifies as an adverse party. This issue lies at the heart of the motion before us. Respondent seeks to invoke the protection of the Act to prevent Claimants from testifying to the collision. (We shall assume that the Attorney General's office represents the interests of both the University of Illinois and the representative of Mr. Meyer's estate based upon the record.) Decedent's interests have not been stated as adverse to those of the University in the pleadings. A witness who is rendered incompetent to testify must be either another party to the case or one interested in the outcome and must be adverse to the party being protected by the Act. The theory of that legislation (the Act) is that such a person is likely to lie. (*Overcast v. Bodart* (1994), 266 Ill. App. 3d 428, 431, citing Cleary & Graham's Handbook of Illinois Evidence, section 606.1, at 348 (6th ed. 1994).) Both parties cite *Schuppenhauer v. People's Gas, Light & Coke Co.* (1975), 322 N.E.2d 583 in support of their arguments. *Schuppenhauer* specifically states that "the purpose of the Dead Man's Act is to enable parties to enjoy comparable positions with respect to testimony by them on material matters." (322 N.E.2d at 588.) The Court continued "[that] when one interested party is incapable of testifying the danger of undetected perjury by the other party is increased. Furthermore, the influence of a personal interest is likely to alter a party's perception of events regardless of his intent. Since self-serving statements are difficult to evaluate even with the benefit of cross-examination, they should not be admitted unless they can be balanced by the equally self-serving testimony of the opposite party." 322 N.E.2d 583.

Respondent further relies on the holding in *Smith v. Tri-R Vending* (2nd Dist. 1993), 249 Ill. App. 3d 654, 619 N.E.2d 172, in which a "passenger" in a truck was killed when a driver struck a light pole. Although the Respondent

claims that *Smith* is dispositive in the case at bar, a closer look at the facts reveals that the case at bar is distinguishable. In *Smith*, the plaintiff's deceased was the party who was claiming application of the Dead Man's Act. *Smith* sought to bar the defendant from introducing the deposition and affidavit of its deceased agent, the driver of the truck. Facts adduced at deposition were adverse to plaintiff's cause, indicating plaintiff was a trespasser. *Smith*'s cause was dismissed on motion for summary judgment, as without the facts adduced in the deposition, plaintiff could not establish the elements of a cause of action in negligence. The deposition and affidavit were filed by the defendant in support of its motion to dismiss. Plaintiff Smith invoked the Dead Man's Act which resulted in a finding that, as defendant, the only occurrence witness, could not testify, and no evidence was presented by plaintiff to rebut the motion, a cause for negligence could not stand. We note that the deposition and affidavit were not admitted pursuant to the Act. The *Smith* court reasoned that any inference of negligence which might normally be imputed does not apply when a defendant is deprived by operation of the Act to contest the inference by conventional means. *Smith*, at 663. *Smith*'s reasoning follows *Schuppenhauer v. People's Gas, Light & Coke Co., supra,* in that the purpose of the Act is to promote mutuality.

Claimant mistakenly cites *Overcast v. Bodart, supra,* as authority for the proposition that Meyer is not an adverse party under the Act. *Overcast* deals primarily with introduction of a decedent's discovery deposition which shall be discussed in part II of this order. However, *Overcast* deals with the improper application of the Act by the trial court. In the trial court, decedent/defendant's representative sought to bar decedent's deposition testimony by invoking the Act. The Appellate Court found that such an application was without precedent and improper.

We find Claimants are adverse and persons directly interested, as defined by the Act. A "directly interested" party is an individual whose interest in the resulting judgment is such that a pecuniary gain or loss would come to him or her as a direct result of the judgment. (*Bernardi v. Chicago Steel Container Corp.* (1st Dist. 1989), 187 Ill. App. 3d 1010, 543 N.E.2d 1004.) The testimony of adverse parties and interested persons is disqualified to the extent that it concerned a conversation with the deceased or an event which took place in the presence of the deceased. *Id.* See *In re: Estate of Babcock* (1985), 105 Ill. 2d 267, 273, 473 N.E.2d 1316.

Claimant asserts there were no conversations with Meyer. However, the deposition he seeks to admit evidences a short conversation at page 34, lines 12-24. Claimant also cites authority for the admission of parol evidence of physical transactions with a deceased agent. (*Schuppenhauer, supra* at 588-589, citing *Helbig v. Citizens Insurance Co.* (1908), 234 Ill. 251; *People v. Borders* (1980), 31 Ill. App. 126.) These cases involved contract disputes and course of conduct, not negligence arising from a single incident. However, in *Rerack v. Lally* (1992), 241 Ill. App. 3d 695, 609 N.E.2d 730, the court allowed plaintiffs to testify as to weather condition, the mechanical condition of plaintiff's auto, noise heard by plaintiffs and whether plaintiff had his foot on the brake. Plaintiff was not allowed to testify to the collision itself, i.e., an "event which took place in the presence of the deceased." See also *Nardi v. Kamerman* (1st Dist. 1990), 196 Ill. App. 3d 591, 554 N.E.2d 397.

We hereby find Claimants are barred from testifying as to the conversations and events which took place in the presence of Respondent, Cleo Meyer pursuant to the Dead Man's Act. 735 ILCS 5/8-201.

## II. Introduction of Deposition

Claimant seeks to introduce the discovery deposition of Cleo Meyer under Supreme Court Rule 212(a) which provides:

"Discovery depositions taken under the provisions of this rule may be used only: * * * (2) as an admission made by a party or by an officer or agent of a party in the same manner and to the same extent as any other admission made by that person." Emphasis added.

Claimant asserts that admissions made by Meyer in the deposition will allow Claimant to adduce evidence which will prove negligence by Meyer.

We find *Overcast v. Bodart, supra* dispositive of the issue of admissibility. The Court held that, "no logical reason exists to refuse admission of a statement into evidence because it was contained in a discovery deposition. Supreme Court Rule 212(a) expressly states that a discovery deposition may be used as an admission by a party. * * * in the same manner and to the same extent as any other admission made by that person. 134 Ill. 2d R. 212(a)(2)." Id. at 433. *Furniss v. Rennick* (3rd Dist. 1997), 286 Ill. App. 3d 318 specifically adopted *Overcast* and concluded that "any statements that the trial court concludes are relevant admissions are not precluded from evidence by Rule 212 and may be considered by the court when ruling on defendant's motion for summary judgment." Id. at 321.

## III. Voluntary Non-Suit of Deceased Agent

Claimant asserts that a voluntary non-suit of Cleo Meyer as a Respondent will nullify the application of the Dead Man's Act to bar Claimant's testimony. Although Claimant is correct that a non-suit would not affect potential liability to be imputed to the remaining Respondent, he incorrectly asserts that the Act would not apply to the University of Illinois. We believe the principle of

mutuality expressed in *Schuppenhauer, supra*, would apply the Act to the University and bar Claimant's testimony except as noted in part I hereof.

## IV. Summary Judgment

Summary judgment is proper if and only if the pleadings, depositions, admissions, affidavits and other relevant matters on file show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. (735 ILCS 5/2—1005(c)); *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 95 Ill. Dec. 305, 489 N.E.2d 867.) Although a plaintiff need not prove his case at this preliminary stage, he must present "facts sufficient to support the elements of his claim," (*Kuwik v. Starmark Star Marketing & Administration, Inc.* (1992), 232 Ill. App. 3d 8, 12, 173 Ill. Dec. 543, 597 N.E.2d 251) or "some factual basis which would arguably entitle (him) to judgment." *Barber-Colman Co. v. A. & K Midwest Insulation Co.* (1992), 236 Ill. App. 3d 1065, 1071, 177 Ill. Dec. 841, 603 N.E.2d 1215.

To recover in a suit for negligence, a plaintiff must establish the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach. (*Wojdyla v. City of Park Ridge* (1992), 148 Ill. 2d 417, 421, 170 Ill. Dec. 416, 592 N.E.2d 1098.) When a defendant files a motion for summary judgment, the plaintiff must come forward with evidence of negligence on the part of the defendant and with evidence that defendant's negligence was the proximate cause of the plaintiff's injuries. (*Lindenmier v. City of Rockford* (1987), 156 Ill. App. 3d 76, 85, 108 Ill. Dec. 624, 508 N.E.2d 1201.) Liability must be premised on evidence and not on conjecture or speculation. *Lindenmier*, 156 Ill. App. 3d at 85, 108 Ill. Dec. 624, 508 N.E.2d 1201.

We find:

1. Claimant Downs has failed to respond or provide evidence to rebut Respondent's motion. We find no genuine issues of material fact disputed and hereby grant Respondent's motion for summary judgment.

2. Claimant Jackson's response, having been considered and discussed above, we shall address the sufficiency of his offer of proof in the form of Meyer's deposition. As stated in *Furniss v. Rennick* (3rd Dist. 1997), 286 Ill. App. 3d 318, all statements considered relevant admissions may be considered in ruling on a motion for summary judgment. A fair reading of Meyer's deposition is not favorable to Claimant's assertions of negligence. In fact, the inference drawn is that Claimant Downs was negligent in the operation of his vehicle. Additionally, the testimony indicates Claimants were not in Claimant Jackson's vehicle. Claimant Jackson has made no further offer of proof which would support a finding in his favor in light of the application of the Dead Man's Act.

3. Respondent's motion for summary judgment as to Claimant Maurice Jackson is hereby granted.

This cause is hereby dismissed.