692 N.E.2d 1150 (1998)
181 Ill.2d 395
229 Ill.Dec. 939
In re ESTATE OF John D. RENNICK, Deceased (Judy Furniss, Appellee,
v.
John D. Rennick, Jr., Ex'r, et al. (John D. Rennick, Appellant)).
No. 82872.
Supreme Court of Illinois.
January 29, 1998.
Rehearing Denied March 30, 1998.
*1152 Karen L. Kendall, Heyl, Royster, Voelker & Allen, Peoria, for John D. Rennick, Jr.
David B. Radley, Baymiller & Radley, Peoria, for Judy A Furniss.
Barry M. Barash, Barash, Stoerzbach & Henson, Galesburg, Reynolds M. Everett, Jr., Galva, for other parties.
Justice NICKELS delivered the opinion of the court:
In this appeal, we decide whether admissions contained in a discovery deposition are admissible against a deceased party's estate. Plaintiff, Judy Furniss, brought a professional negligence action against attorney John D. Rennick, alleging malpractice in the preparation of an estate plan. Following attorney Rennick's death, his estate was substituted as a party. Prior to trial, plaintiff sought a ruling on the admissibility against Rennick's estate of admissions Rennick made in a discovery deposition. The Peoria County circuit court ruled that under Supreme Court Rule 212 (134 Ill.2d R. 212), Rennick's admissions could not be used at trial against his estate. The circuit court granted summary judgment in favor of the estate and plaintiff appealed. The appellate court reversed. 286 Ill.App.3d 318, 221 Ill.Dec. 668, 676 N.E.2d 8. We granted the estate's petition for leave to appeal. 166 Ill.2d R. 315. We affirm the appellate court's judgment.

BACKGROUND
The pleadings and attached exhibits reveal the following information. Paul Carroll and Edna Carroll were married in 1963. Paul had a daughter from a prior marriage, Judy Furniss, who is the plaintiff in the present action. Edna had two daughters from a prior marriage, Patricia Akins and Vivian Johnson.
In 1976, Paul and Edna sought legal assistance from attorney Rennick regarding the transfer of a deed for the family residence. Rennick executed a deed transferring title to the residence from Paul alone to Paul and Edna in joint tenancy with a right of survivorship.
In 1986, Paul and Edna sought legal assistance from attorney Rennick concerning the preparation of an estate plan. Rennick prepared one will each for Paul and Edna, both containing similar dispositions. Each will had a provision devising "my interest" in the family residence to Paul's daughter, Judy Furniss. In addition, each will provided that the residue of the estate would pass to the surviving spouse. In the event that the other spouse predeceased, each will provided that the residue of the estate would be divided equally between the three daughters: Judy Furniss, Patricia Akins, and Vivian Johnson.
In 1991, Paul died. Edna became the sole owner of the family residence as the surviving joint tenant. In addition, the residue of Paul's estate passed to Edna pursuant to Paul's will. After Paul's death, Edna allegedly placed the family residence in joint tenancy with her two daughters, Akins and Johnson. Edna also allegedly revoked the will prepared by Rennick and executed a new will. The new will purportedly leaves her entire estate to her two daughters, eliminating any bequest to Furniss.
Furniss filed a complaint for legal malpractice against Rennick. The complaint alleged that Furniss was an intended beneficiary of the attorney-client relationship between Rennick and her father. The complaint further alleged that Rennick was negligent in failing to inform her father that, should he die first, Edna would be free to revoke her will and defeat any distribution to Furniss. In addition, the complaint alleged that Rennick was negligent in failing to sever the joint tenancy in the family residence, so that Paul's interest could pass at his death to Furniss.
Rennick argued in a motion for summary judgment that he owed plaintiff no professional duty because plaintiff was not an intended beneficiary of the attorney-client relationship Rennick had with Paul Carroll. See generally Pelham v. Griesheimer, 92 Ill.2d 13, 64 Ill.Dec. 544, 440 N.E.2d 96 (1982). The trial judge granted the motion in part. *1153 The trial judge ruled that it was Edna who was the intended primary beneficiary of the residue of Paul's estate and plaintiff was a mere contingent beneficiary as a matter of law. Therefore, the trial judge granted Rennick's motion for summary judgment on the claim regarding the residue. However, the trial judge denied summary judgment regarding the family residence. The trial judge ruled it was a jury question whether Paul intended to directly benefit plaintiff with the provision leaving her "my interest" in the family residence.
Plaintiff took Rennick's discovery deposition, inquiring into the circumstances surrounding the creation of the joint tenancy. Rennick died after his deposition and his estate was substituted as a party. Plaintiff then filed a motion seeking a ruling that admissions contained in Rennick's discovery deposition would be admissible against his estate at trial pursuant to Rule 212(a)(2). Plaintiff conceded she would be unable to meet her burden without the admissions contained in Rennick's deposition. Rennick's estate contended that the admissions could not be used at trial and filed a motion for summary judgment.
The circuit court ruled that admissions contained in Rennick's discovery deposition could not be used as evidence against his estate. The court acknowledged that there was a split of authority in the appellate court on the issue of whether admissions in a discovery deposition are admissible against a decedent's estate pursuant to Rule 212. However, the court determined it was constrained to follow the precedent of the Third District, which had rejected the admissibility of such statements in Riblet Products Corp. v. Starr National, 242 Ill.App.3d 988, 183 Ill.Dec. 215, 611 N.E.2d 68 (1993). The trial court therefore vacated its prior order granting partial summary judgment and granted the estate's motion for summary judgment. Plaintiff appealed.
The appellate court reversed. 286 Ill.App.3d 318, 221 Ill.Dec. 668, 676 N.E.2d 8. The appellate court declined to follow Riblet, instead finding persuasive the reasoning in the Fourth District case of Overcast v. Bodart, 266 Ill.App.3d 428, 203 Ill.Dec. 425, 639 N.E.2d 984 (1994).
In Overcast, plaintiffs in a personal injury action sought to introduce a party's admissions contained in a discovery deposition after the party's death. The Overcast court first noted that admissions other than those contained in a discovery deposition are admissible against a decedent's estate. As an example, the court cited to Patten v. Knowe, 354 Ill. 156, 161, 188 N.E. 173 (1933), which found admissible notations discovered in a decedent's papers. The Overcast court then examined the plain language of Rule 212(a)(2), which provides that a discovery deposition may be used "as an admission made by a party * * * in the same manner and to the same extent as any other admission made by that person." 134 Ill.2d R. 212(a)(2), quoted in Overcast, 266 Ill.App.3d at 433, 203 Ill.Dec. 425, 639 N.E.2d 984. Applying this language, the Overcast court determined that admissions contained in a discovery deposition must be admissible against a decedent's estate in the same manner as those admissions not contained in a discovery deposition.
Relying on Overcast, the appellate court held that admissions contained in decedent's discovery deposition are admissible under Rule 212 and reversed the order granting summary judgment in favor of Rennick's estate. We granted the estate's petition for leave to appeal to resolve the conflict in the appellate court. Our review is limited to the issue of whether it was error to grant defendant summary judgment premised on the ruling that admissions contained in a discovery deposition are inadmissible against a decedent's estate.

ANALYSIS
Summary judgment is appropriate where the pleadings, affidavits, depositions and admissions on file, when viewed in a light most favorable to the nonmoving party, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Busch v. Graphic Color Corp., 169 Ill.2d 325, 333, 214 Ill.Dec. 831, 662 N.E.2d 397 (1996). The propriety of an order granting summary judgment is an issue *1154 of law and our review is therefore de novo. Espinoza v. Elgin, Joliet & Eastern Ry. Co., 165 Ill.2d 107, 113, 208 Ill.Dec. 662, 649 N.E.2d 1323 (1995). Here, the propriety of the order granting summary judgment rests on the construction of Rule 212. The construction of a rule, like a statute, is also a question of law that we review de novo. See 134 Ill.2d R. 2(a), Committee Comments.
Rule 212 distinguishes between evidentiary and discovery depositions. The purpose of a discovery deposition is to explore the facts of the case, and for this reason wide latitude is given in the scope and manner of questioning. See 166 Ill.2d R. 206(c)(1). In contrast, an evidentiary deposition is generally used for the purpose of preserving testimony for trial, and questioning is therefore limited by the rules of evidence. See 166 Ill.2d R. 206(c)(2). In light of the parties' arguments, we begin by setting out the full text of Rule 212:
"(a) Purposes for Which Discovery Depositions May Be Used. Discovery depositions taken under the provisions of this rule may be used only:
(1) for the purpose of impeaching the testimony of the deponent as a witness in the same manner and to the same extent as any inconsistent statement made by a witness;
(2) as an admission made by a party or by an officer or agent of a party in the same manner and to the same extent as any other admission made by that person;
(3) if otherwise admissible as an exception to the hearsay rule; or
(4) for any purpose for which an affidavit may be used.
(b) Use of Evidence Depositions. The evidence deposition of a physician or surgeon may be introduced in evidence at trial on the motion of either party regardless of the availability of the deponent, without prejudice to the right of either party to subpoena or otherwise call the physician or surgeon for attendance at trial. All or any part of other evidence depositions may be used for any purpose for which a discovery deposition may be used, and may be used by any party for any purpose if the court finds that at the time of the trial:
(1) the deponent is dead or unable to attend or testify because of age, sickness, infirmity, or imprisonment;
(2) the deponent is out of the county, unless it appears that the absence was procured by the party offering the deposition, provided, that a party who is not a resident of this State may introduce his own deposition if he is absent from the county; or
(3) the party offering the deposition has exercised reasonable diligence but has been unable to procure the attendance of the deponent by subpoena; or finds, upon notice and motion in advance of trial, that exceptional circumstances exist which make it desirable, in the interest of justice and with due regard for the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.
(c) Partial Use. If only a part of a deposition is read or used at the trial by a party, any other party may at that time read or use or require him to read any other part of the deposition which ought in fairness to be considered in connection with the part read or used.
(d) Use After Substitution, Dismissal, or Remandment. Substitution of parties does not affect the right to use depositions previously taken. If any action in any court of this or any other jurisdiction of the United States is dismissed and another action involving the same subject matter is afterward brought between the same parties or their representatives or successors in interest, or if any action is remanded by a court of the United States to a court of this State, all depositions lawfully taken and duly filed in the former action, or before remandment, may be used as if taken in the later action, or after remandment." 134 Ill.2d R. 212.
Defendant argues that admissions in a discovery deposition may not be used as evidence under Rule 212(a)(2) after the death of a party deponent. Instead, defendant contends that under Rule 212(b)(1), only an evidence deposition may be used in place of live *1155 testimony upon a deponent's death. The defendant argues that allowing the evidentiary use of admissions contained in a deceased party's discovery deposition would inhibit free discovery and be unfair to the deceased person's estate.
Defendant reasons that allowing the evidentiary use of a discovery deposition after a party's death would inhibit free discovery by abrogating the distinction made in Rule 212 between discovery and evidence depositions. In support of this view, defendant notes that the rules committee in drafting Rule 212(a) formally rejected a proposal that would have allowed discovery depositions to be admitted into evidence if at the time of trial the deponent is dead or otherwise unable to testify. Ill.Ann.Stat., ch. 110A, par. 212, Historical & Practice Notes, at 302 (Smith-Hurd 1985). The drafters rejected that proposal based on the belief that allowing a discovery deposition to be used at trial after a deponent's death would inhibit free discovery by requiring time consuming evidentiary objections at every discovery deposition. See P. Tone, Comments on the New Supreme Court Rules, 48 Chi.B.Rec. 46, 49 (1967). Similarly, defendant suggests that, if admissions can be used as evidence after a party's death, responsible attorneys would be forced to treat every discovery deposition of a party like a formal evidentiary deposition.
Defendant also argues that it is unfair to introduce admissions contained in a discovery deposition after the party's death. Defendant suggests that a party may make potentially damaging statements in a discovery deposition to opposing counsel, but then for strategic reasons wait until trial to clarify those statements. Defendant also suggests that a litigant may distort a deceased party's testimony by carefully selecting only those admissions that could not be clarified by other portions of the deposition. See 134 Ill.2d R. 212(c).
Plaintiff relies upon the plain language of Rule 212(a)(2) in arguing that admissions contained in a party's discovery deposition are admissible against that party's estate. Plaintiff notes that Rule 212(a)(2) provides that a discovery deposition may be used as an admission "to the same extent as any other admission made by that person." 134 Ill.2d R. 212(a)(2). Plaintiff then notes that admissions made by a party in circumstances other than a discovery deposition are admissible against the person's estate after death. See Republic Iron & Steel Co. v. Industrial Comm'n, 302 Ill. 401, 134 N.E. 754 (1922); Patten v. Knowe, 354 Ill. 156, 188 N.E. 173 (1933). Plaintiff also relies on Rule 212(d) (134 Ill.2d R. 212(d)), which specifically provides that the substitution of parties after death does not affect the right to use depositions previously taken.
In interpreting a supreme court rule, we apply the same principles of construction that apply to a statute. 134 Ill.2d R. 2, Committee Comments. Our goal is to ascertain and give effect to the intention of the drafters of the rule. Croissant v. Joliet Park District, 141 Ill.2d 449, 455, 152 Ill.Dec. 561, 566 N.E.2d 248 (1990). The most reliable indicator of intent is the language used, which should be given its plain and ordinary meaning. People v. Bole, 155 Ill.2d 188, 198, 184 Ill.Dec. 423, 613 N.E.2d 740 (1993). Where the language is clear and unambiguous, we must apply the language used without further aids of construction. People v. Zaremba, 158 Ill.2d 36, 40, 196 Ill.Dec. 632, 630 N.E.2d 797 (1994).
Applying these principles, we conclude that admissions contained in a discovery deposition are admissible against a decedent's estate. It is clear that death does not erase an admission from a party's lips where the admission is made outside the context of a discovery deposition. See M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 802.1, at 596 (5th ed.1990), citing Security Savings & Loan Ass'n v. Commissioner of Savings & Loan Ass'n, 77 Ill.App.3d 606, 612, 33 Ill.Dec. 95, 396 N.E.2d 320 (1979); see also Republic Iron & Steel Co., 302 Ill. at 405, 134 N.E. 754 (finding verbal admission of deceased plaintiff admissible against estate); Patten, 354 Ill. at 161, 188 N.E. 173 (finding written instructions contained with a deed constituted an admission admissible against a decedent's estate); Beringer v. Lackner, 331 Ill.App. 591, 596, 73 N.E.2d 620 (1947) (finding doctor's handwritten medical notes admissible against his estate *1156 as admissions); Schell v. Weaver, 225 Ill. 159, 162, 80 N.E. 95 (1906) (finding verbal admission that debt was owed admissible against decedent's estate). We further agree with the plaintiff that the plain language of Rule 212(a)(2) provides that admissions contained in a discovery deposition are admissible as any other admission by a party opponent.
Defendant concedes that admissions not contained in a discovery deposition have been held admissible against a deceased party's estate, but claims that a different rule should apply to admissions contained in a discovery deposition. Defendant justifies this distinction because admissions in a discovery deposition are not voluntary in that a party deponent is forced to submit to a deposition. Defendant claims that a party in a discovery deposition is in an adversarial setting, instructed not to volunteer information and to answer questions with a "yes" or "no." Defendant thus claims that it is unfair to equate admissions in this context with the admissions not contained in a discovery deposition.
Defendant's position finds no support in the text of Rule 212(a)(2). The rule provides that admissions contained in a discovery deposition may be used "in the same manner and to the same extent as any other admission made by that person." 134 Ill.2d R. 212(a)(2). Thus, admissions in a discovery deposition are admissible against a deceased party's estate in the same manner as admissions not contained in a discovery deposition.
Defendant's argument that a party should be free to answer questions curtly and save explanations for trial also fails to recognize the nature and effect of an admission. An admission by a party is substantive evidence admissible as an exception to the rule excluding hearsay. Ordinary evidentiary admissions may be contradicted or explained. M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 802.11, at 616 (5th ed.1990); McCormack v. Haan, 20 Ill.2d 75, 78, 169 N.E.2d 239 (1960). However, ordinary evidentiary admissions should be distinguished from judicial admissions, which conclusively bind a party.
Judicial admissions are defined as deliberate, clear, unequivocal statements by a party about a concrete fact within that party's knowledge. Hansen v. Ruby Construction Co., 155 Ill.App.3d 475, 480, 108 Ill.Dec. 140, 508 N.E.2d 301 (1987). Where made, a judicial admission may not be contradicted in a motion for summary judgment (Schmahl v. A.V.C. Enterprises, Inc., 148 Ill.App.3d 324, 331, 102 Ill.Dec. 15, 499 N.E.2d 572 (1986)) or at trial (Dayan v. McDonald's Corp., 125 Ill.App.3d 972, 983, 81 Ill.Dec. 156, 466 N.E.2d 958 (1984)). The purpose of the rule is to remove the temptation to commit perjury. Smith v. Ashley, 29 Ill.App.3d 932, 935, 332 N.E.2d 32 (1975).
Testimony at a discovery deposition may constitute a judicial admission. Hansen, 155 Ill.App.3d at 480, 108 Ill.Dec. 140, 508 N.E.2d 301; Albright v. Parr, 126 Ill.App.3d 464, 468, 81 Ill.Dec. 648, 467 N.E.2d 348 (1984); Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc., 71 Ill.App.3d 562, 568, 28 Ill.Dec. 78, 390 N.E.2d 60 (1979); Kosin v. Shero, 45 Ill.App.3d 1047, 1051, 4 Ill.Dec. 636, 360 N.E.2d 572 (1977); Meier v. Pocius, 17 Ill.App.2d 332, 335, 150 N.E.2d 215 (1958); see also Van's Material Co. v. Department of Revenue, 131 Ill.2d 196, 211, 137 Ill.Dec. 42, 545 N.E.2d 695 (1989) (finding that pretrial answers to interrogatories may constitute judicial admissions in the same manner as those in a discovery deposition). Thus, defendant is incorrect to suggest that a party deponent is always free after a deposition to change testimony or so reconstruct it as to avoid the consequences of the deposition.
We also reject defendant's argument that admitting a deceased party's admissions contained in a discovery deposition is unfair because a party may not give a complete answer during a deposition. The purpose of discovery is to facilitate disclosure. A party who is less than candid in answering deposition questions may rightly suffer from this lack of disclosure by forfeiting the opportunity after the party's death to personally contradict or further explain an evidentiary admission.
It is true that the rules committee in drafting Rule 212 did formally reject a proposal *1157 that would have allowed discovery depositions into evidence if at the time of trial the deponent is dead or otherwise unable to testify. The drafters in rejecting this proposal were concerned only with preserving the distinction between discovery and evidentiary depositions for nonparty witnesses, not changing the general rules regarding party admissions.
Different evidentiary rules apply to the use of deposition testimony depending on whether the deponent is a party. The deposition testimony of a party may contain admissions which are an exception to the rule excluding hearsay. 134 Ill.2d R. 212(a)(2); Gillson v. Gulf, Mobile & Ohio R.R. Co., 42 Ill.2d 193, 197, 246 N.E.2d 269 (1969). In contrast, the deposition of a nonparty witness is hearsay, which is generally admissible only for impeachment purposes. 134 Ill.2d R. 212(a)(1).
The drafters were concerned with transforming a discovery deposition of a nonparty witness into an evidentiary deposition because an attorney will rarely impeach a nonparty witness in a discovery deposition. Instead, an attorney will often allow a nonparty deponent to testify falsely, saving impeaching evidence for trial so as not to tip off the hostile witness and undermine the value of the impeaching evidence. P. Tone, Comments on the New Supreme Court Rules, 48 Chi.B.Rec. 46, 49 (1967). The drafters therefore realized the problem with making this entire deposition, otherwise inadmissible except for impeachment purposes, suddenly admissible by reason of the deponent's death. For this reason, the drafters rejected the wholesale introduction of nonparty deposition testimony after the deponent's death.
This reasoning does not apply to party admissions made in a deposition. Statements of a party made during a deposition are admissible as an exception to the rule excluding hearsay when introduced by a party opponent. For this reason, a party and his or her attorney know at the time of the party's deposition that any statement made could be used as an admission. The evidentiary rules that limit the use of a nonparty witness' deposition testimony simply do not apply to a party deponent. Moreover, the evidentiary rules regarding admissions do not suddenly change after a party's death simply because the admission is contained in a discovery deposition.

CONCLUSION
For the foregoing reasons, the judgment of the appellate court, reversing the circuit court's judgment and remanding for further proceedings, is affirmed.
Appellate court judgment affirmed.