(No. 1785—

JOHN H. LAIRD, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed June 19, 1934.*

PAUL G. WEISENHORN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Claimant filed his declaration with the Secretary of State on July 3, 1931 alleging that on the 6th day of September, 1930, John H. Laird, because of illness and his service record was admitted to the Illinois Soldiers' and Sailors' Home,

where he underwent treatment for such illness and was there for observation. On the 8th day of September, 1930, he was assigned to work in the kitchen as a relief helper, and received One Dollar ($1.00) per day, his duties consisting of general work in the kitchen, the preparation of foods and the cleaning of the equipment,—in general, all work which he was ordered to do by the cooks on duty; that in obedience to the orders of his superiors, he was operating a food-chopping machine, when the fourth finger on his right hand was caught in the machine and injured so badly that amputation was later necessary. He also claims that he had been permanently disfigured and disabled.

It appears from the evidence that he was an inmate of the Soldiers' and Sailors' Home at Quincy, Illinois, but was also working for a dollar a day in and about the kitchen. He was a veteran of the World War, having been admitted to the hospital for treatment of ulcers of the stomach and for physical observation. The dietitian at the home gave him the job in the kitchen at Thirty Dollars ($30.00) per month. He worked in the kitchen from 5:00 A. M. to 1:00 P. M., six days a week. It was a part of his duties to use a vegetable chopper and to clean the appliance after using it. He testified that sharp circular knife was a part of this appliance and that he put his hand in where it was and his little finger was cut off. He has never married. He had only been employed in this capacity twelve days and received a check from the State of Illinois, for the sum of Twelve Dollars ($12.00).

There is much testimony in the record in regard to this plaintiff's ability to earn money as a pipe-fitter. As far as the record is concerned, he is still at the charitable institution. He has not worked steadily at his trade since 1925.

According to the testimony of Dr. C. E. Ehle, who attended claimant, the doctor amputated the finger below the second distal joint. Claimant's third finger was also lacerated and the doctor sewed up the laceration. Claimant was discharged, according to the testimony, on October 25, 1930.

It appears from the evidence that this food-chopper was electrically driven, with a round bowl and a guard over the top of the knife. In order for one to get his finger into the bowl it would be necessary to place the finger on the inside under the protecting shield.

It appears from the testimony of the manager, H. H. Fletcher, that it had been the practice to take inmates from the institution and work them in the kitchen, and give them a chance to make a little extra money for a few days and then let someone else take the job, and that he did not consider Laird as an employee but rather as an inmate of the institution.

The Attorney General argues that the claimant was an inmate of the institution, but admits that the claimant was employed in the institution, and argues that the claimant had disobeyed orders in cleaning the machine and for this reason he is not entitled to recover. Attorney General also argues that the State is not liable to respond in damages for the negligence of its officers, agents or employees, and that where it appears that the injuries sustained were sustained without any negligence or fault on the part of the agents of the State an award will be denied, and cites authorities to that effect.

We cannot agree with the Attorney General in this connection. It appears to us that the relationship of master and servant existed at the time of this injury. The fact that he is also an inmate is not controlling because it is clear that claimant was also an employee, and subject to the direction of the cook, dietitian and others around the institution. All of claimant's medical bills and hospital bills were apparently paid.

Claimant bases his measure of damages upon the earnings that the claimant made while in the employ of others as a pipe-fitter. In this he is in error. He can only recover, if at all, under the Illinois Compensation Act, and the amount that he can recover is fixed by that Act. Under the wages paid to claimant he was only entitled to be paid at the rate of Seven Dollars and Fifty Cents ($7.50) per week for a period of four and five-sixths weeks for temporary total disability, and twenty weeks for loss of his fourth finger at Seven Dollars and Fifty Cents ($7.50) per week, or a total sum of One Hundred Eighty-six Dollars and Twenty-five Cents ($186.25).

The fact, if it be a fact, that claimant was directed not to place his hand in the machine and injured as the result of his own negligence does not under the Compensation Act bar his recovery. The act of cleaning the food-chopper was in the course of his employment; it was a part of his duties.

Would the violation of the order of the employer not to use his hand in cleaning the vegetable chopper, take the employee entirely out of the sphere of his employment, and deprive him of the Act?

In *Republic Iron Co.* vs. *Industrial Commission*, 302 Ill., 401, on page 406 it was said: "Where the violation of a rule or order of the employer takes the employee entirely out of the sphere of his employment and he is injured while violating such rule or order it cannot be then said that the accident arose out of the employment, and in such a case no compensation can be recovered. If, however, in violating such a rule or order the employee does not put himself out of the sphere of his employment, so that it may be said he is not acting in the course of it, he is only guilty of negligence in violating such rule or order and recovery is not thereby barred."

We, therefore, hold that the claimant is entitled to recover and we recommend an appropriation in the sum of One Hundred Eighty-six Dollars and Twenty-five Cents ($186.25).