(No. 3019—

PAULINE EMBREE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1937.*

GILLESPIE, BURKE & GILLESPIE, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

130

Mr. Chief Justice Hollerich delivered the opinion of the court:

From December 16th, 1935 to October 15th, 1936, Ray Embree was in the employ of the State of Illinois, Department of Public Works and Buildings, Division of Highways, as a highway maintenance police officer.

On October 14th, 1936 said Ray Embree was directed by his superior officer to carry certain papers to Chicago in a State car which was assigned to him for that purpose. He left Springfield at 6:00 P. M. on that day, delivered the papers in Chicago, and started on his return trip, traveling on U. S. Route 66, which at that time was the most direct route from Chicago to Springfield. About 2:15 A. M. on October 15th, 1936, at a point on said Route 66 between Lexington and Towanda, the car then being driven by said Ray Embree collided with a truck owned and driven by Arthur J. Gisinger of Cisco, Illinois, whereby said Embree sustained injuries which resulted in his death on the same day.

Said Ray Embree was thirty-five years of age at the time of his death and left him surviving the claimant, his widow, and Betty Jean Embree, his daughter, who was born June 29th, 1923.

No compensation has been paid by the respondent, and the only objection urged to the allowance of an award arises from the fact that said Ray Embree on said trip to Chicago and return was accompanied by an employee of the Secretary of State, in violation of a rule of the Bureau of Police to the

effect that no civilian shall be transported in a police car except on official business or in line of duty.

Under certain circumstances and conditions, the violation of rules or orders may bar a recovery under the Workmen's Compensation Act. In order to bar such recovery, however, it is necessary that the violation of the rules or orders be of such nature as to take the employee outside the sphere of his employment.

In the case of *Republic Iron and Steel Co.* vs. *Ind. Com.*, 302 Ill. 401, the Supreme Court in considering a similar question, said (page 406):

"The rule is, that where the violation of a rule or order of the employer takes the employee entirely out of the sphere of his employment and he is injured while violating such rule or order it cannot be then said that the accident arose out of the employment, and in such case no compensation can be recovered. If, however, in violating such a rule or order the employee does not put himself out of the sphere of his employment, so that it may be said that he is not acting in the course of it, he is only guilty of negligence in violating such rule or order and recovery is not thereby barred."

The rule there laid down has been followed in numerous cases since that time. Applying the same to the facts in this case, we find nothing in the violation of the rule or order of the Bureau of Police which bars the claimant from recovery.

Upon a consideration of the record herein, the court finds as follows:

1. That said Ray Embree and the respondent were, on the 14th day of October, A. D. 1936, operating under the provisions of the Workmen's Compensation Act; that on said date said Ray Embree sustained accidental injuries which arose out of and in the course of his employment, and which resulted in his death on the same day; that notice of said accident was given to said respondent, and claim for compensation made within the time required by the provisions of such Act; that the earnings of said Ray Embree during the year next preceding the injury were $1,737.50, and his average weekly wage was $33.41; that the necessary first aid, medical, surgical and hospital services were provided by the respondent; that said Ray Embree left him surviving Pauline Embree, his widow, and Betty Jean Embree, his daughter, both of whom were totally dependent upon the earnings of said Ray Embree for their support and maintenance; that said Betty Jean Embree was born June 29th, 1923, and there-

fore was thirteen years of age at the time of the death of her father as aforesaid.

That under the provisions of Section 7-A and 7-H-3 of the Workmen's Compensation Act, the amount of compensation to be paid by the respondent on account of the death of said Ray Embree is $4,450.00; subject, however, to reduction when said Betty Jean Embree arrives at the age of eighteen years, to-wit, June 23d, 1941, provided she is then physically and mentally competent; in accordance with the provisions of Section 7-A of the Compensation Act; that said compensation is payable in weekly installments of $15.00 each commencing on October 15th, 1936.

That the share of such compensation which otherwise would be payable to said Betty Jean Embree, should be paid to her mother, Pauline Embree, for the support of said child.

That said Pauline Embree is, now entitled to have and receive from the respondent the sum of Eight Hundred Forty Dollars ($840.00), being the amount of compensation which has accrued from October 16th, 1936 to November 12th, 1937.

It Is Therefore Ordered that the share of such compensation which otherwise would be payable to said Betty Jean Embree shall be paid to her mother, Pauline Embree, for the support of said Betty Jean Embree.

It Is Further Ordered that an award be entered herein in favor of the claimant, Pauline Embree, for the sum of Forty-four Hundred Fifty Dollars ($4,450.00);—subject, however, to reduction when said Betty Jean Embree arrives at the age of eighteen years, to-wit, June 23d, 1941, provided she is then physically and mentally competent;—in accordance with the provisions of Section 7-A of the Compensation Act.

It Is Further Ordered that such award be payable as follows: the sum of Eight Hundred Forty Dollars ($840.00), being the amount of compensation which has accrued from October 16th, 1936 to November 12th, 1937, shall be paid forthwith. The balance of such compensation shall be payable in weekly installments of Fifteen Dollars ($15.00) commencing November 19th, 1937.

It Is Further Ordered that this cause be continued until the first session thereof to be held after said Betty Jean Embree arrives at the age of eighteen years, to-wit, June 23d, 1941, for the entry of such further orders with reference to

the amount of the aforementioned award, or the reduction thereof, as may be in accordance with the provisions of the Workmen's Compensation Act; and that in the meantime, compensation be paid by the respondent as hereinbefore provided.

The foregoing award being made under the provisions of the Workmen's Compensation Act for the death of a State employee, is subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Claims Arising Out of Injuries to State Employees, and Providing for the Method of Payment Thereof," approved July 3d, 1937 (Session Laws of 1937, page 83).

In accordance with the provisions of such Act, this award is subject to the approval of the Governor, and upon such approval, is payable from the appropriation from the Road Fund in the manner provided in such Act.