(No. 3034— ▬▬▬▬▬▬)

EDWARD KIRBY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 13, 1938.*

R. I. DOVE, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

For a few days prior to and on the 27th day of March, A. D. 1936, the claimant Edward Kirby was employed by the Respondent in the Department of Public Works and Buildings, Division of Highways, and on the last mentioned date was engaged in putting out trees and shrubbery along the right-of-way of S. B. I. Route No. 132, between Sullivan and Allenville, in Moultrie County.

He had finished some work on the west side of the right-of-way, and was moving to a new location farther south and on the opposite side of the highway. For that purpose he was traveling along and across the concrete slab, and was pushing or sliding a long-handled shovel along the concrete in front of him. While claimant was so engaged, one Leonard Vose was driving a truck along said highway in a northerly direction, approaching the claimant. When the truck was about a quarter of a mile from the claimant, it was being driven on the east side of the concrete roadway, and the claimant was walking in a southerly direction, just east of the center line of such roadway. As the truck approached, the claimant kept moving forward and toward the outer edge of the concrete slab. The driver of the truck pulled over to the west side of the roadway in order to pass the claimant, but just before reaching him, turned again toward the east side of the roadway. At the time of the accident hereinafter mentioned, the truck was just about astraddle of the center

216

line of the roadway. The several witnesses do not agree as to the exact position of the claimant at the time of the accident, but it seems that he was then about midway between the center line of the roadway and the eastern edge thereof.

Just as the body of the truck was passing the claimant he apparently lifted his shovel, and in so doing, it came in contact with the truck which was moving rapidly. The force of the impact was so great that the handle of the shovel was driven into the muscle of claimant's right arm, and his elbow, shoulder blade and collar bone were fractured. He was taken to the hospital at Mattoon where he remained approximately six weeks. He was then taken to St. Luke's Hospital at Chicago and remained therein until May 27th. After that he was given treatments at the Illinois Research Hospital at Chicago until June 22d, 1937, when he returned to his home.

While at St. Luke's Hospital he was treated and operated by Dr. Thomas of Chicago for osteomyelitis, or rotten elbow. The bad bone was removed, and an attempt made to obtain a complete ankylosis or stiff elbow;—the idea being that if the elbow were completely ankylosed, there would be more strength, though less motion, therein. The operation was successful, but the elbow is not entirely stiff, claimant having about three degrees of motion therein. He also has some limitation of motion in his right shoulder. His grip is not very good and his arm will never be as strong as it was prior to the accident. He is now working as a mechanic but cannot work as hard or as steadily as he previously did. He now works as long as he can and then lays off. In this way he loses about one-third of his working time. Apparently there is still some trouble with the elbow, as the skin has broken open and there has been a running therefrom, on three occasions since his return home. He appeared personally in court and submitted to an examination. Under the facts in the record there is no basis for a charge of negligence against the driver of the truck.

The Attorney General contends that the injury did not arise out of and in the course of claimant's employment, and that therefore he is not entitled to an award. Such contention is based upon the following further contentions, to-wit: 1) The injury was the result of horseplay on the part of the claimant; 2) Claimant in walking along the concrete roadway was violating the orders of his immediate superior, who

ordered all employees to walk along the side of the road.

As to the first contention, there is no evidence in the record which even tends to support the same.

As to the second contention, the violation of orders by the claimant, if any, was not of such a nature as to take the claimant out of the sphere of his employment.

The question here presented has been considered by our Supreme Court in a number of cases.

In *Republic Iron Co.* vs. *Ind. Com.*, 302 Ill. 401, the employee was directed to take a letter to the railroad station, and to use the street car in doing so. He apparently had walked along the railroad track to the station, a distance of some fourteen blocks and was picked up, after being injured, at a place that was generally used by the public. There was also some evidence that he had been seen getting off a street car near the place of the accident. The court sustained an award of compensation, stating that the Commission might have found that he used the street car but that the decision would be the same even if he had disobeyed instructions and walked, and stated (p. 405):

"This court has many times decided that contributory negligence of a party injured is no bar to a recovery under the compensation Act. The most that may be said in favor of defendant in error's contention is, that the deceased was guilty of negligence in not obeying the orders or directions of Olson. The rule is, that where the violation of a rule or order of the employer takes the employee entirely out of the sphere of his employment and he is injured while violating such rule or order it cannot be then said that the accident arose out of the employment, and in such case no compensation can be recovered. If, however, in violating such a rule or order the employee does not put himself out of the sphere of his employment, so that it may be said he is not acting in the course of it, he is only guilty of negligence in violating such rule or order and recovery is not thereby barred. (*Union Colliery Co.* vs. *Ind. Com.*, 298 Ill. 561.)"

In the case of *Omaha Boarding and Supply Co.* vs. *Ind. Com.*, 306 Ill. 384, the deceased employee made a trip from Chicago to Barrington, Illinois, and on his return in an automobile owned by one of the officers of the company, sustained accidental injuries resulting in death. It was claimed that there were orders that he should use railroad trains in his travel. The court in sustaining an award of compensation, said (p. 389):

"The fact that he was returning in an automobile and not by railroad is of no significance, even if we should find, as defendant in error claims that the direction of the company was that he should use the railroad trains

in his travel while working at his employment. The fact that he traveled in an automobile against the direction of his employer did not take him out of the line of his employment. Violation of orders or directions of the employer by the employee does not defeat the right for compensation where such violation does not take the employee out of the sphere of his employment. *Union Colliery Co.* vs. *Ind. Com.*, 298 Ill. 561."

To the same effect, see *Imperial Brass Company* vs. *Ind. Com.*, 306 Ill. 11; *Pauline Embree* vs. *State,* No. 3019, decided at the November Term, 1937.

Under the facts in the record, there is no merit in this contention.

From a personal examination of the claimant, and from a consideration of the facts in the record, we find as follows:

That claimant and respondent were, on the 27th day of March, 1936, operating under the provisions of the Workmen's Compensation Act of this State; that on said day the claimant sustained accidental injuries which arose out of and in the course of his employment; that notice of the accident was given to said respondent and claim for compensation on account thereof was made within the time required by the provisions of such Act; that the average annual earnings of the claimant during the year preceding the injury in question were Six Hundred Forty Dollars ($640.00), and the average weekly wage was Twelve Dollars and Thirty Cents ($12.30); that claimant at the time of the injury was a married man and had two children under the age of sixteen years; that the necessary first aid, as well as all medical, surgical and hospital services have been provided by the respondent; that the claimant was temporarily totally disabled from the date of his injury as aforesaid, to November 10th, 1936, and has been paid in full for such temporary total disability; that claimant has sustained the permanent loss of sixty-five per cent of the use of his right arm; that claimant is therefore entitled to have and receive from the respondent the sum of Twelve Dollars ($12.00) per week for One Hundred Forty-six and one-fourth (146¼) weeks for the permanent loss of sixty-five per cent of the use of his right arm, as provided in Section 8, paragraphs E-13 and E-17 of the Workmen's Compensation Act; that compensation for the period of sixty-one weeks, to-wit, the sum of Seven Hundred Thirty-two Dollars ($732.00), has accrued to January 11th, 1938.

Award is therefore entered in favor of the claimant for the sum of Seventeen Hundred Fifty-five Dollars ($1,755.00), payable as follows, to-wit:

The sum of Seven Hundred Thirty-two Dollars ($732.00) is payable forthwith.

The balance of said award, to-wit, the sum of One Thousand Twenty-three Dollars ($1,023.00), is payable in eighty-five (85) weekly installments of Twelve Dollars ($12.00) each, commencing January 18th, 1938, and one final installment of Three Dollars ($3.00).

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved July 3d, 1937 (Session Laws of 1937, page 83), is, by the terms of such Act, subject to the approval of the Governor, and upon such approval, is payable from the Road Fund, in the manner provided by such Act.